DAVID B. FONDA

*v.*

CARRIE F. JACKSON *et al.*

*Announced orally June 3, 1903.*

1. APPEALS AND ERRORS—*right of appeal is purely statutory.* The right of appeal is purely statutory and the conditions prescribed by the statute must be complied with.

2. SAME—*practice where extension of time to file transcript is asked.* One desiring an extension of time to file the transcript of record on appeal should file enough of the transcript to show a final judgment or decree, and an appeal therefrom perfected, upon which the Supreme Court in term time or one of the justices in vacation may, for good cause, grant an extension to file the full transcript.

3. SAME—*effect where transcript is' not filed within the extended time.* If a full transcript of the record is not filed within the time as extended by the Supreme Court and no further time is granted during the time as first extended the appeal must be dismissed.

APPEAL from the Circuit Court of Cook county; the Hon. EDWARD P. VAIL, Judge, presiding.

CARL STROEVER, and C. A. KLOTS, for appellant.

STRUCKMEYER & LOEB, for appellees.

Mr. JUSTICE CARTWRIGHT announced the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county, entered in that court on February 19, 1903. The statute required appellant to file in the office of the clerk of this court a transcript of the record on or before the second day of the April term, 1903, unless the time should have been extended as therein provided. Appellant being unable to comply with the statute, asked for an extension of thirty days to file the transcript, which was granted before the time fixed by the statute had expired. The transcript was not filed within the time so extended, and no further time was allowed within the

203—8

time granted for filing the transcript. Appellant now moves the court to grant a further extension of time, and appellees enter their motion to dismiss the appeal for the failure to file the transcript within the time allowed for that purpose.

The right of appeal is purely statutory, and the conditions prescribed by the statute must be complied with. In case of an appeal to this court, the statute provides that the authenticated copy of the record shall be filed on or before the second day of the succeeding term of this court if thirty days shall have intervened between the allowance of the appeal and the first day of the term, otherwise the appeal shall be dismissed, unless further time to file the same shall have been granted by this court or some justice thereof, in term time or vacation, upon good cause shown. It is necessary, in every such case, to file in the clerk's office enough of the record to show a final judgment, order or decree, and an appeal therefrom allowed and perfected, so as to give this court jurisdiction of the appeal, and then the court in term time or a justice in vacation may, for good cause shown, extend the time for filing the full transcript. If that has not been done before the time expires, the appeal must be dismissed upon failure to file such transcript. In this case the time was extended thirty days, but the transcript was not filed nor any further extension granted within the time as extended. The statute provides that the appeal shall be dismissed unless the transcript shall be filed by the second day of the term or the time shall have been previously extended. We are of the opinion that the provision of the statute should apply to the time for filing the transcript, as extended, in the same manner as it does to the time fixed in the statute, and that the proper construction is, that the transcript must be filed within the time allowed by the order granting an extension, unless further time to file the same shall have been granted by the court or some justice thereof in vacation.

Any other rule would be inconsistent with the intent and spirit of the statute.

Therefore the motion for a further extension is denied and the motion of appellees is allowed and the appeal is dismissed.                    *Appeal dismissed.*