(No. 43829.— )

## THE CHICAGO CORPORATION, Appellee, v. JAMES J. WHITE, Appellant.

*Opinion filed September 30, 1071.*

MORIARTY, ROSE & HULTQUIST, of Chicago, for Appellant.

THOMAS J. BOODELL, WAYLAND B. CEDER-QUIST, and DAVID B. YAVITZ, all of Chicago, for Appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

On April 28, 1970, a default judgment in the amount of $418,994.74 was entered in favor of plaintiff, The Chicago Corporation, and against defendant James J. White in the circuit court of Cook County. The judgment included findings of fact with regard to defendant's failure to respond to summons and his delivery of a $304,586.46 personal check to plaintiff in exchange for 2,200 shares of stock at a time when he did not have sufficient funds in his account to cover payment of this check. The judgment also included a finding that defendant failed to take delivery of an additional 6,800 shares of stock purchases by plaintiff at defendant's request and that resale of this

resulted in a $14,408.28 loss to plaintiff. The trial court concluded that defendant wilfully and wantonly defrauded plaintiff and awarded $318,994.74 in compensatory damages and $100,000 in punitive damages.

Within 30 days of the entry of judgment defendant filed two petitions to vacate (Ill.Rev.Stat. 1969, ch. 110, pars. 50(5), 68.3), the first being stricken on May 14, and the second denied following a hearing on July 2. On July 29, defendant filed an additional petition to vacate the April 28 judgment and to set aside the order of July 2. This matter was continued by order of the court until August 6 when this petition was denied on the ground that the time within which defendant was required to file such additional petition expired on May 28, 30 days after the entry of judgment. Defendant attempted to file a notice of appeal on August 7, purporting to appeal from the order of July 2. However, as defendant concedes, this attempt was ineffective since the time for giving notice of appeal as of right expired on August 3. 43 Ill.2d R.303(a).

On August 13, defendant filed a motion in the First District Appellate Court seeking leave to file a late notice of appeal pursuant to our Rule 303(e). (43 Ill.2d R.303(e.) The appellate court denied this motion on September 28 and dismissed the appeal. Defendant's petition for rehearing was denied on October 29, and we granted leave to appeal. 45 Ill.2d 589.

The sole issue presented is whether the appellate court erred in denying leave to file a late notice of appeal. Rule 303(e) provides:

"(e) *Extension of Time in Certain Circumstances.* On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal, filed in the reviewing court within 30 days of the expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing."

Defendant's attorney attributes his failure to file a notice of appeal from the July 2 order to his "mistaken hope" that his July 29 petition to set aside that order would be granted, placing the parties in the position they were in on July 2. The July 29 petition was not denied until after the time to file notice of appeal as of right had expired. It is the opinion of the majority of this court that under the circumstances of this case, including the allegation of the meritorious defense to that portion of the judgment relating to punitive damages, defendant's motion to file a late notice of appeal should have been allowed.

Accordingly, the order of the First District Appellate Court is reversed and the cause remanded with directions to permit filing of a late notice of appeal.

*Reversed and remanded, with directions.*