RICHARD GRISSOM, Plaintiff-Appellee, *v.* BUCKLEY-LODA COMMUNITY UNIT SCHOOL DISTRICT No. 8, Defendant-Appellant.

(No. 11986;

Fourth District—May 22, 1973.

N. E. Hutson, of Monticello, for appellant.

Allen & Korkowski & Associates, of Rantoul, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The basis for this case is plaintiff's three-count petition for writ of mandamus as amended which was filed May 10, 1972. Counts I and II prayed for identical relief to-wit: That a writ of mandamus be issued directing the defendant school district to reinstate plaintiff as a teacher at a salary of $14,568.88 *"for the ensuing school year of 1971 to 1972."* Count III of the amended complaint alleged that defendant had refused to pay the plaintiff any salary for the school year 1971-72; that by reason of his wrongful discharge he was deprived of his salary which he would otherwise have earned and received subsequent to discharge until mandatory retirement, and was otherwise damaged in his teaching career, all to plaintiff's damage in the sum of $174,826.56. The 1971-72 school year commenced August 30, 1971. On July 14, 1972, after the *close* of the 1971-72 school year, the trial judge entered a written judgment order finding the issues in favor of the plaintiff on Count I of the complaint and ordered the issuance of a writ of mandàmus directing the defendant "* * * to forthwith reinstate plaintiff * * * as a teacher * * * for the school year 1971-72 * * *." This order also recited that "* * * the amount of damages owing to plaintiff be reserved until hearing on the question of damages." On July 31, 1972, the trial judge stated "Gentlemen, are you ready to proceed with the hearing this morning on the question of plaintiff's damages?" to which counsel for both sides indicated that they were ready. At the conclusion of the hearing the court stated: "The Court finds that there is due and been had by the Defendant in mitigating damages, which as near as this Court can determine from the evidence, is $1600. It is the Court's opinion it was the Plaintiff's duty to mitigate the said damages in the event he could secure similar employment. And any mitigation of damages which he did prove, to-wit, $1600, should be reduced from the finding of the Court as follows. The Court finds that the Plaintiff have and recover from the Defendant the sum of $15,422 less $1600 mitigation, or a sum of $13,822. The Court further denies the motion of Plaintiff for attorney fees. Now, if you will prepare a record accordingly.

MR. OPSAHL: Do you want a written Order submitted on that?

THE COURT: Please. If you will submit it?

MR. OPSAHL: Yes."

At the hearing on damages the plaintiff introduced no evidence of damage other than the loss of the 1971-72 salary. *On August 4, 1972, there was filed a written judgment order assessing plaintiff's damages for the 1971-72 school year at the sum of $13,822.00 dollars.* The order was signed by the trial judge and recites that it was entered the 31st day of July, 1972, *"and signed August 4, 1972, nunc pro tunc."* This language is in the handwriting of the trial judge.

This record also discloses that on July 31, 1972, the defendant filed notice of appeal from the order of the trial court entered July 14, 1972, and from the order awarding damages entered "on the 31st day of July, 1972."

On September 5, 1972, the plaintiff filed notice of cross-appeal "from the ruling of the Trial Court admitting into evidence matters relative to mitigation of damages and the determination by the trial court that damages be mitigated in the amount of $1600." On September 19, 1972, this court heard oral arguments in the case. On January 31, 1973, our opinion was filed. On February 20, 1973, the plaintiff-appellee cross-appellant filed a petition for rehearing and a motion to dismiss the appeal. He maintains that the judgment entered by the trial court "concluded the matter only as to Count I of plaintiff's complaint and Count II and III are still matters that remain to be litigated." He further argues that since the trial court made no finding under Supreme Court Rule 304, that the judgment of the court is not appealable and that this court has no jurisdiction of the appeal.

We required oral argument on the petition for rehearing and the motion to dismiss the appeal. The thrust of plaintiff's position is that the trial court must have awarded damages under Count I of the complaint. The reasoning supporting this conclusion is not set forth in the motion to dismiss and remained obscure during oral argument. We are unable to fathom how it can be contended that the issues in Count II "remain to be litigated" in view of the fact that the relief prayed for in Counts I and II was identical and relief was awarded under Count I. His argument that damages were awarded, not under Count III, which is the *only* count in the complaint which prayed for damages, but rather under Count I of the complaint which did not pray for damages is equally incomprehensible. If we were to adopt plaintiff's position we would be required to hold judgment for damages was entered under Count I of the complaint which sought no damages, that he is entitled to another money judgment for damages, in the same case, but this time under Count III of the complaint. The plaintiff failed to introduce any evidence during the hearing on damages that he was damaged in his teaching career, and his claim in Count III that he was entitled to anticipatory damages

measured by the salary which he *would* have earned under his teaching contract until mandatory retirement, but for his wrongful discharge, was obviated by the prior order of the court restoring him to his teaching position. The only damage proven was the loss of wages for the school year 1971 through 1972 as mitigated by his earnings during the time he was not teaching.

■■ We are not willing to hold that counsel engaged in a full day's hearing on the issue of damages and that the court then awarded those damages, as proven, under a count of the complaint which prayed for no damages. At the hearing in question the plaintiff had an opportunity to present whatever evidence he chose on the issue of damages, and having elected to introduce only evidence as to lost wages, he cannot be heard to say that he should have a second opportunity to adduce further evidence of damage and secure a second money judgment in the same case. We hold that the judgment of the trial court entered August 4, 1972, was a final and appealable order, and disposed of all remaining issues in the case.

In view of the confused state of this matter we have made a careful examination of the record, and conclude that this court has no jurisdiction to entertain defendant's appeal or plaintiff's cross-appeal but for reasons other than those assigned in plaintiff's motion to dismiss the appeal.

Supreme Court Rule 272 (Ill. Rev. Stat. 1969, ch. 110A, par. 272) provides in pertinent part: "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect *and the judgment becomes final only when the signed judgment is filed.*" Here, as demonstrated by the above portion of the record of the proceedings had on July 31, 1972, the trial judge *did* require a written judgment order to be prepared by plaintiff's counsel and submitted for signature and filing. It was in fact prepared, submitted to the court and signed on August 4, 1972, and it was on that date that it became effective. The order of July 31, 1972, granting the writ of mandamus, since it did not dispose of all of the issues in the case, was not an appealable order at the time it was entered since no finding under Supreme Court Rule 304 was made. That judgment, as well as the judgment awarding damages became appealable on August 4, 1972, when all of the issues in the case were then disposed of.

■■■ The trial judge had no authority, on August 4, 1972, by the recital of the nunc pro tunc language, to enter the money judgment as of July 31, 1972. "A nunc pro tunc order is one presently made to show what was done earlier, and it takes effect from such prior date. *It is a*

*device to supply an omission and to enter of record an order actually made, but omitted from the record. It may correct clerical misprisions, but not supply omitted judicial action nor correct judicial errors.* [Citations omitted.]" (*Chapman, Mazza, Aiello Inc. v. Ace Lumber and Const. Co.*, 83 Ill.App.2d 320, 227 N.E.2d 562.) Nor can a court, under the guise of correcting its record, but upon it an order or judgment which never in fact had been made or entered. (*In re Estate of Young*, 346 Ill.App. 257, 105 N.E.2d 850; *City of Chicago v. Evon*, 339 Ill. App. 580, 91 N.E.2d 456.) Here the trial judge on August 4, 1972, was not supplying an omission, he was not entering an order actually made but omitted from the record, he was not correcting a clerical misprision. He was simply signing a written judgment order which he had earlier ordered to be prepared and presented, and which became final and effective on the date that he signed it. Therefore, defendant's Notice of Appeal, filed on July 31, 1972, was filed on a date when no final appealable order existed and this court consequently lacks jurisdiction under Supreme Court Rule 301.

■■ As to plaintiff's cross-appeal, we have noted that final judgment was entered in this case on August 4, 1972, and the record shows that defendant's notice of appeal was filed July 31, 1972. The record of the proceedings had on July 31, 1972, reveals that defendant's Notice of Appeal was filed in open court in the presence of plaintiff's attorney.

Under the provisions of Supreme Court Rule 303(a), plaintiff was then required to file his notice of cross-appeal within 30 days of the entry of the final judgment which event occurred on August 4, 1972. The record discloses that the plaintiff's notice of cross-appeal was filed on September 5, 1972, 32 days after the entry of the judgment. The timely filing of the notice is jurisdictional under Rule 301 and this Court therefore lacks jurisdiction of the cross-appeal.

We feel it appropriate to observe that the payment of the clerk's fees, and service of process by the Sheriff of Iroquois County appear to constitute the only adherence to orderly, comprehensible procedure which obtained in this case. Thereafter it devolved into a morass for which we can perceive no justification. On denial of the petition for rehearing, our original opinion is ordered withdrawn and the appeal and the cross-appeal are dismissed.

CRAVEN, P. J., and SMITH, J., concur.