The People of the State of Illinois, Plaintiff-Appellant, *v.* Randy Joe Deaton, Defendant-Appellee.

(No. 12333;

Fourth District—January 23, 1974.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In this proceeding the State seeks to appeal an order of the circuit court of Macon County suppressing evidence.

Initially, and as a threshold proposition, this court must examine the question of its jurisdiction. On May 31, 1973, the defendant filed a motion to suppress certain evidence alleged to have been illegally seized. On June 14, 1973, a hearing was held on that motion; evidence was heard; and at the conclusion of the hearing, the trial court indicated that the motion to suppress "is granted." On the same day, a notice of appeal was filed purporting to be an appeal taken pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 604(a)) from what is described as an order of that date suppressing evidence. On June 28, 1973,

an order was entered by the circuit court reciting the presence of the People by the state's attorney, and the defendant by his attorney, making certain findings of facts and conclusions of law with reference to the issues on the motion to suppress. The order then concludes by ordering that certain evidence illegally seized be suppressed and not used as evidence in this proceeding or any related proceedings against the defendant. It should be noted that the order as finally filed contains findings of facts and conclusions of law as contemplated by Illinois Revised Statutes 1971, chapter 38, paragraph 114—12.

Thus it is apparent from this record that the order of the circuit court that was operative to suppress the evidence was filed on June 28, 1973; the notice of appeal was filed prior thereto; and no subsequent notice of appeal nor amendment thereto was filed by the People.

■■ This court has jurisdiction to review an order suppressing evidence upon an appeal by the State by the express language of Supreme Court Rule 604(a). However, this court's jurisdiction is dependent upon the existence of an interlocutory order suppressing evidence and the filing of a notice of appeal within thirty days *after* the entry of such order. In *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.,* 2 Ill. App.3d 524, 275 N.E.2d 654, we considered a similar chronological problem with reference to a civil appeal. There, as here, the notice of appeal was given at a time when there was not in existence a judgment order. This record, as did the record in the cited case, clearly indicates that the parties were aware of the filing of the order that was contemplated by the statute. Subsequent to the filing of that order, no notice of appeal was filed. Accordingly, we hold that this court is without jurisdiction to review that which the State seeks to have reviewed. The appeal is therefore dismissed.

Appeal dismissed.

SMITH, P. J., and TRAPP, J., concur.