THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIAM G. ANDERS, Defendant-Appellee.

(No. 73-47; )

Second District—June 26, 1974.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Cox, Lyle & Darrah, of Glen Ellyn, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

On July 27, 1972, the trial court entered an order quashing a search warrant and suppressing the evidence seized thereunder. The State filed a timely notice of appeal on August 25, 1972, but made no application to any court to extend the time for filing the record on appeal pursuant to the terms of Supreme Court Rule 608 (Ill. Rev. Stat. 1971, ch. 110A, par. 608) until December 8, 1972, and then in an answer to the defendant's motion in the trial court to dismiss the appeal.

The defendant's motion to dismiss the appeal was filed on December 6, 1972, recited that the time to perfect the appeal had expired and asked that the appeal be dismissed in accordance with Supreme Court Rule 309 (Ill. Rev. Stat. 1971, ch. 110A, par. 309). Attached to the State's answer and motion was an affidavit of the head secretary of the appellate division of the Du Page County State's Attorney's office alleging an inadvertent failure to obtain and timely file the transcript and

record due to a heavy work load and due to the fact that it was erroneously believed that the appeal was filed by the defendant rather than the State. The report of proceedings was tendered.

The court found that the State had not shown a reasonable excuse for failure to timely file the report of proceedings and refused to invoke the 6 months' so-called "safety valve" provision provided in Supreme Court Rule 608(d) (Ill. Rev. Stat. 1971, ch. 110A, par. 608(d)). The State appeals.

The defendant has not answered the brief and argument filed by the State which requests that we vacate the order of the trial court dismissing the appeal and reinstate the notice of appeal. The State argues that inadvertence or mistake must be considered a reasonable excuse if the 6 months' period provided in Supreme Court Rule 608(d) is to have any meaning; and since defendant was not incarcerated he has not been prejudiced by the delay. No authorities are cited.

In view of the novelty of the issue, we exercise our discretion to rule on the merits although no answering brief has been filed. *Budget Rent a Car v. Kirk* (abstract opinion 1974), #73-386, Second District.

■■ No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional. (Ill. Rev. Stat. 1971, ch. 110A, par. 606(a).) Nevertheless, the right of appeal is purely statutory and there must be compliance with the conditions prescribed by statute. See *Fonda v. Jackson* (1903), 203 Ill. 113, 114.

We have been unable to find authority which has ruled directly on the relatively new provision adding the 6 months' "safety valve" in the procedures for criminal appeals. (Ill. Rev. Stat. 1971, ch. 110A, par. 608(d).) The Rule states:

> "(d) *Extensions of Time.* Before the expiration of the applicable time, any judge of the trial or reviewing court may extend the time for filing the report of proceedings in the trial court or the record in the reviewing court. An extension of time may also be granted by the judge on motion, supported by a showing of reasonable excuse for failure to file the motion earlier, made within 35 days after expiration of the applicable time or within six months of the expiration of the original 30 days allowed for filing a notice of appeal, whichever is later."

The "reasonable excuse" standard found in Supreme Court Rule 608(d) however, appears in various portions of the Supreme Court Rules. In Supreme Court Rule 606(c) for example, under a 1971 amendment, a 30-day safety valve is provided for filing a notice of appeal on motion supported by a showing of *reasonable excuse* for failing to file

the notice of appeal on time.[1] In *People v. Sanders* (1968), 40 Ill.2d 458, 462, the court held that since the defendant in open court had indicated his desire to appeal his conviction, it was the duty of the trial court clerk to prepare and file the proper notice of appeal and that the failure of the clerk provided a reasonable excuse for the defendant's failure to file his own notice of appeal on time under Supreme Court Rule 606(c).

The phrase *reasonable excuse* also appears in Supreme Court Rule 303(e) in connection with the time for filing civil appeals (Ill. Rev. Stat. 1971, ch. 110A, par. 303(e)). The Committee Comments state (Smith-Hurd Ann., ch. 110A, par. 303, at 564):

> "* * * The standard of paragraph (e), 'a showing of reasonable excuse,' is intended as a lenient standard which will cover a wide range of reasons for failure to file the notice of appeal within the original 30 days. Examples include illness of counsel, an honest mistake of counsel, delay in the mail, a snowstorm, and many others. The rule permits the reviewing court to preserve a party's right to appeal if counsel's mistake is discovered and a motion is filed within the additional 30 days, and the authority granted should be liberally exercised."

See *Chicago Corp. v. White* (1971), 49 Ill.2d 433, 435.

In other contexts, an excusable mistake has been defined as one which occurs without negligence (*People v. McArthur* (1936), 283 Ill.App. 467, 470) and involves the question of whether a party acts reasonably and not negligently in failing to pursue his rights. *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill.App.2d 394, 398.

■■ The State contends that the safety valve provision must be considered as one which provides for human error such as that found here, if it is to have any real meaning. We do not agree. A showing of reasonable excuse is intended as a lenient standard vesting the court with a broad discretion. But the court is not required to raise mere inadvertence to the level of a reasonable excuse for the long delay involved under the circumstancs of this case. The trial court could properly find here that the State's mistake was the result of negligence and therefore unreasonable.

On the record before us, we conclude that the trial court was justified,

---

[1] The "reasonable excuse" standard as promulgated to take effect in 1967 applied to petitions made within 6 months of the 30-day period for the filing of a notice of appeal. In 1971, the paragraph was amended to limit this period to 30 days making it parallel to the provisions of Rule 303(e) governing civil cases and providing the more stringent standard after the thirty day period of a showing that the appeal was meritorious and that the delay was not due to culpable negligence. See, S.H.A., ch. 110A, par. 606(c), Committee Comments.

in the exercise of its discretion, in concluding that there was not a reasonable excuse for the State's delay in pursuing its appeal from the suppression order. The judgment of the trial court is therefore affirmed.

Affirmed.

T. MORAN, P. J., and RECHENMACHER, J., concur.