THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES B. BOSTON *et al.*, Defendants-Appellees.

(No. 74-215;

Fifth District—March 19, 1975.

*Rehearing denied April 23, 1975.*

Herbert. J. Lantz, Jr., State's Attorney, of Chester (Charles H. Steg-meyer, Assistant State's Attorney, of counsel), for the People.

Stephen P. Hurley and Thomas F. Sullivan, both of State Appellate Defender's Office, of Mount Vernon, for appellees.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court of Randolph County dismissing the charges against the defendants on the ground that the defendants had been denied their rights to speedy trials. Ill. Rev. Stat. 1973, ch. 38, par. 103—5.

The defendants were each charged with offenses in the circuit court of Cook County but were found unfit to stand trial and were committed to the Mental Health Center in Chester, Illinois. It is alleged that on December 13, 1973, the defendants escaped from the Mental Health Center, kidnapped two police officers and forced the officers to accompany them to Carbondale, Illinois. The defendants were subsequently apprehended in Carbondale and were charged by indictment with the offenses of kidnapping, unlawful restraint and aggravated assault. On May 23, 1974, the trial court granted the defendants' motions to dismiss the charges in Randolph County because the defendants were not brought to trial within 120 days as required by statute. The State has appealed that order.

We do not reach a consideration of the merits of the State's appeal because we find that there is no basis for our jurisdiction, and the appeal must be dismissed.

After a hearing on the defendants' motions for discharge on May 23,

1974, the trial court stated that the motions would be granted and indicated that a written order would be prepared. The State filed notices of appeal on June 21, 1974. Written orders granting the motions for discharge were not filed until July 10, 1974.

■■ It has been held in several civil cases that if a notice of appeal is filed after the trial court has stated what its decision will be but before a written order is filed, the notice of appeal is not timely and the appellate court has no jurisdiction. (*Grissom v. Buckley-Loda Community Unit School District No. 8*, 11 Ill.App.3d 55, 296 N.E.2d 624; *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.*, 2 Ill.App.3d 524, 275 N.E.2d 654; *Belinski v. City National Bank*, 133 Ill.App.2d 800, 270 N.E.2d 524; *Green v. Green*, 21 Ill.App.3d 396, 315 N.E.2d 324; *Loveless v. Loveless*, 3 Ill.App.3d 967, 279 N.E.2d 531.) We realize that some of the cases cited above rely partially upon Supreme Court Rule 272 (Ill. Rev. Stat., ch. 110A, par. 272), a rule applicable only to civil cases. We find, however, that a similar rule is applicable in criminal cases as well.

In *People v. Deaton*, 16 Ill.App.3d 748, 306 N.E.2d 695, the State sought to appeal an order of the trial court suppressing evidence. On June 14, 1973, a hearing was held on the defendant's motion to suppress, and the court stated that the motion was granted. The State filed a notice of appeal on the same day. On June 28, 1973, a written order containing findings of fact and conclusions of law and stating that the evidence illegally seized would be suppressed was entered by the trial court. The appellate court, citing *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.*, dismissed the State's appeal stating that notice of appeal was filed at a time when a judgment order was not in existence. The appellate court determined that it therefore had no jurisdiction to consider the appeal.

■ Supreme Court Rule 606(b) provides that the notice of appeal shall be filed within 30 days from the entry of the order or judgment from which the appeal is taken. (Ill. Rev. Stat., ch. 110A, par. 606(b).) The mere announcement of an order in court does not constitute the entry of that order. It follows that the order from which the State attempts to appeal in the case at bar was entered on July 10, 1974, not on May 23, 1974, when the court's decision was announced in open court. Thus, the State has not filed a notice of appeal within 30 days from the entry of the order, and we are without jurisdiction to consider the appeal. Accordingly, we find that the appeal must be dismissed.

Appeal dismissed.

G. MORAN and CARTER, JJ., concur.