THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RAFAEL FAVELA, Defendant-Appellee.

(No. 60378;

First District (2nd Division)—August 5, 1975.

454.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Michael J. Polelle, Assistant State's Attorneys, of counsel), for the People.

No appearance or brief filed for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant, Rafael Favela, was charged by complaint with the offense of possessing a controlled substance (heroin). (Ill. Rev. Stat. 1973, ch. 56½, par. 1402.) However, prior to trial, the circuit court of Cook County granted defendant's motion to suppress the evidence. The State now appeals that order. Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1).

Initially, it should be noted that defendant-appellee has failed to file an appearance or brief in this court. However, the circumstances giving rise to defendant's failure to appear or argue are, to say the least, unique and will be considered later. Suffice it to say, that in view of the highly unusual circumstances of this case, we have decided to consider the merits of the case despite the absence of an appellee's brief.

The hearing on the motion to suppress produced the following facts: Chicago Police Officer James Hanrahan was told by an unidentified informant that heroin was being sold in the ground floor rear apartment of 2038 West 22nd Place. The informant also provided Hanrahan with

the telephone number of that apartment. Hanrahan checked and found that the telephone number furnished was in fact the telephone number of the apartment in question.

Another police officer then called that phone number and had a conversation with the man that answered. The officer gave his name as Francisco (a fictitious name) and told the man that he wanted to purchase an ounce of pure heroin. The officer was told that it would cost him $2,000 and that he would have to come over to get it now because the heroin was about to be moved. He was told that the heroin was to be moved soon because the "heat was on" by the police.

Officer Hanrahan went to that apartment and knocked on the front door. A voice inside the apartment asked who was there and Hanrahan responded that it was Francisco. The defendant opened the door. Hanrahan entered and observed on a nearby table tinfoil wrappings, measuring spoons, and numerous clear plastic bags containing a brownish powder later identified as heroin. Defendant was arrested and charged with possession of a controlled substance.

Defendant's pretrial motion to suppress the evidence was granted by the trial court. The State now appeals.

The sole issue presented by this appeal is whether a warrantless arrest and the seizure of evidence pursuant thereto within a private home is vitiated by the fact that the police officer used a fictitious name to gain entry into that private home.

In cases where stratagem or deception are used to enter a private home and obtain evidence, the particular circumstances of each case govern the admissibility of that evidence. (*Lewis v. United States*, 385 U.S. 206.) For while the fourth amendment to the United States Constitution protects against governmental intrusion upon the sanctity of a man's home (*Boyd v. United States*, 116 U.S. 616), it is not every intrusion that is prohibited. And when the home is opened as a place of illegal business to which outsiders are invited for commercial purposes, the fourth amendment is not violated when a government agent enters pursuant to that invitation and then neither sees, hears, nor takes anything either unrelated to the business purpose of his visit or not contemplated by the occupant. *Lewis v. United States.*

In *Lewis*, an undercover agent, using a fictitious name, telephoned the defendant to inquire about the possibility of purchasing marihuana. The defendant directed the agent to his home where it was indicated a sale of marihuana would occur. The agent went to defendant's home, and using the fictitious name, was admitted. After the agent purchased marihuana on that occasion and on a subsequent occasion, defendant was arrested. Defendant moved to suppress the evidence contending that,

in the absence of a warrant, any official intrusion upon the privacy of his home constituted a fourth amendment violation and that fact that he invited the intrusion cannot be held a waiver when the intrusion was induced by fraud and deception. The supreme court disagreed, stating:

> "[When] the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street. A government agent, in the same manner as a private person, may accept an invitation to do business and may enter upon the premises for the very purposes contemplated by the occupant." 385 U.S. 206, 211.

Similarly, in *People v. St. Ives*, 110 Ill.App.2d 37, 249 N.E.2d 97, a police officer, using a fictitious name, set up a date for entry into the apartment of a suspected prostitute. Using the fictitious name, another police officer was invited into defendant's apartment. Once inside the apartment, the officer observed a bottle labeled "Cocaine." The defendant was then arrested, a search conducted, and narcotics uncovered. Defendant argued that the officers' use of a fictitious name violated her constitutional rights. The court, relying on *Lewis*, disagreed, holding that since the police were invited into defendant's apartment, the narcotics seized pursuant to that invitation were admissible.

■■ In the instant case, defendant invited a person named "Francisco" to his home for the express purpose of selling heroin. Officer Hanrahan went to defendant's apartment for that very purpose and was admitted by defendant, without threats or coercion. The evidence seized was exactly what defendant had contemplated selling. The fact that Officer Hanrahan used a fictitious name to gain entry does not in any manner alter the consensual nature of defendant's actions. The officer did not represent himself as anything other than a member of the general public. (*People v. Walker*, 30 Ill.2d 213, 195 N.E.2d 654.) As such, the evidence seized pursuant to that invitation to the general public was admissible against defendant. Defendant's own actions in designating his home as a commercial center for unlawful activity obviated the need for a warrant.

One further matter requires our attention. In the instant case, this court, on its own motion during oral argument, raised the question of whether the People's notice of appeal had been served on defendant.

It appears from the record that neither defendant, nor his trial counsel had been served with notice of appeal. Consequently, as noted earlier, defendant has failed to file an appearance or brief in this court. Supreme Court Rule 606(e) states: "When the State is the appellant a copy [of

the notice of appeal] shall be sent to defendant and his counsel." (Ill. Rev. Stat. 1973, ch. 110A, par. 606(e).) The issue thus presented is whether the State can properly appeal a judgment when neither defendant, nor his counsel has been served with a copy of the notice of appeal.

Rule 606(e) requires two acts: service on defendant and service on his counsel. Although Rule 606(e) requires services on both individuals, defendant's appellate counsel cannot be ascertained until defendant himself is found. For trial counsel is not always appellate counsel. Thus, for the rule to be complied with, the initial act must always be the determination of the whereabouts of defendant.

In the instant case, although the State made substantial efforts, it failed to find defendant. In fact, one of the addresses listed by defendant proved to be fictitious, and the State's investigator, by questioning persons in the area of another address, was advised that defendant then resided either in Mexico or in California.

■■ In any event, it is undisputed that defendant has not been located or served with the notice of appeal. However, it is our opinion that this does not prevent this court from properly entertaining the State's appeal. Supreme Court Rule 606(a) provides: "No step in the perfection of the appeal other than the filing of the notice of appeal [with the clerk of the trial court] is jurisdictional." (Ill. Rev. Stat. 1973, ch. 110A, par. 606(a).) It is undisputed that this was timely performed. And while the "right of appeal is purely statutory and there must be compliance with the conditions prescribed by statute" (*People v. Anders*, 20 Ill.App. 3d 984, 985, 313 N.E.2d 520), we cannot conclude that Rule 606(e) was intended to deprive the State of its right to appeal merely because defendant becomes impossible to locate (especially where, as here, defendant provided a fictitious address and is reported to have moved either to Mexico or to California).

■■ Moreover, Rule 606(e) does not place the duty of furnishing a copy of the notice of appeal to defendant and his counsel on the State, but rather, places that duty on the clerk of the trial court. Thus, it would be unfair to penalize the State for the omission of a person not under its control. In *People v. Hoover*, 12 Ill.App.3d 25, 297 N.E.2d 400, neither defendant nor his counsel had been served with notice of appeal. And while in *Hoover*, the defendant had nevertheless filed an appearance and brief, the court went on to state: "The fault, if any, lies with the clerk of the circuit court, not with the appellant." (12 Ill.App.3d 25, 26.) The court did not find noncompliance with Rule 606(e) a bar to adjudication of the State's appeal.

■■ It seems appropriate that the degree of required compliance with

Rule 606(e) should be determined on the facts of each case. In this case, we conclude that because (1) the only jurisdictional step in perfecting an appeal is filing the notice of appeal with the clerk of the trial court, and (2) because Rule 606(e) places the duty of sending a copy of the notice of appeal not on the State but on the clerk of the trial court, and (3) because the State has made substantial good faith efforts to locate defendant, and (4) because defendant gave at least one fictitious address, and is reported to have moved either to Mexico or to California, the State's right to appeal should not be denied because of technical noncompliance with Rule 606(e).

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

LEIGHTON and HAYES, JJ., concur.