THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES E. ALLEN, Defendant-Appellant.

Fifth District    No. 76-400

Opinion filed May 23, 1977.

G. MORAN, J., dissenting.

Denis McGrady, Jr., of McGrady and McGrady, of Gillespie, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, James E. Allen, was found guilty by a jury of the offense of theft of use of property in violation of section 16—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—3(a)) and sentenced to conditional discharge for a period of two years with the conditions that defendant pay a fine of $750 and make restitution in the amount of $234. He appeals.

■■ The State has filed a motion to dismiss the appeal for want of jurisdiction and we have taken the motion with the case. Relying on *People v. Boston*, 27 Ill. App. 3d 246, 327 N.E.2d 40 (hereinafter *Boston*), the State argues that this court has no basis for jurisdiction over the case and must dismiss the appeal because the defendant, acting with knowledge that a written order was to be prepared: (1) filed his notice of appeal prior to the entry of the written order of sentence, although this was after the court had orally indicated what sentence would be imposed; and (2) filed no notice of appeal or amendment thereto subsequent to the

entry of the written order. We agree. Consequently, this appeal must be dismissed. The factual situation relevant to the jurisdiction issue is as follows.

Defendant's jury trial occurred on May 5, 1975. On May 11, 1975, defendant filed two post-trial motions, one for a new trial and one in arrest of judgment. After conducting hearings on July 6, 1976, the court denied both motions. Also on July 6, the trial court conducted a sentencing hearing and indicated orally that the court would fix defendant's punishment "as conditional discharge for a period of two years, usual statutory terms, restitution as suggested by the State's Attorney, fine of $750 and costs." Thereafter, the court, in the presence of defendant and his counsel, requested the State's Attorney to prepare a written order "along these lines." The presiding judge also made an entry upon the record sheet dated July 6, 1976, recording this disposition and the denial of the post-trial motions. This entry also stated, "Order to be prepared." Defendant filed the instant notice of appeal on July 16, 1976. The notice states that the appeal is from the judgment order of July 6, 1976. On July 20, 1976, the written order of the sentence of conditional discharge was filed.

The only step in the perfection of a criminal appeal which is jurisdictional is the filing of the notice of appeal. (*People v. Harvey*, 5 Ill. App. 3d 499, 285 N.E.2d 179, *cert. denied*, 410 U.S. 983, 36 L. Ed. 2d 179, 93 S. Ct. 1504; *People v. Anders*, 20 Ill. App. 3d 984, 313 N.E.2d 520; Ill. Rev. Stat. 1975, ch. 110A, par. 606(a).) It has been stated in recent appellate court opinions that the right of appeal is purely statutory and that, consequently, there must be compliance with the conditions prescribed by statute. (*E.g., People v. Anders; People v. Favela*, 31 Ill. App. 3d 453, 333 N.E.2d 284.) This statement is not entirely correct since the Illinois Constitution of 1970 clearly establishes that appeals from final judgments of a circuit court are a matter of right to the appellate court of the appropriate district. (See Ill. Const. 1970, art. VI, §6.) What these courts are saying more precisely is that since the procedures for effecting one's right of appeal and invoking the appellate court's jurisdiction are purely statutory (*i.e.*, Illinois Supreme Court Rules), the conditions provided must be complied with.

■■ Illinois Supreme Court Rule 606(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 606(b)) governs the time for filing a notice of appeal to perfect one's appeal in a criminal case. It reads in pertinent part:

> "The notice of appeal shall be filed within 30 days from the entry of the order or judgment from which the appeal is taken; * * *."

It is obviously crucial to determine when an order or judgment in a criminal case is "entered" so that the appellant may establish jurisdiction over his case in the appellate court by filing his notice of appeal within 30

days from the entry of the order or judgment. It is a well established rule that the final judgment in a criminal case is the sentence. (*People v. Warship*, 59 Ill. 2d 125, 319 N.E.2d 507; *People v. Rose*, 43 Ill. 2d 273, 253 N.E.2d 456.) Nevertheless, the question remains whether an oral indication of sentence with an accompanying record sheet entry, or the written order of sentence is the "sentence" or "final judgment" for purposes of filing a notice of appeal when the court has indicated at the sentencing hearing that a written order will be prepared.

■■ In *Boston*, this court held that there is a rule for criminal cases, similar to the rule recognized in civil cases, that if a notice of appeal is filed after the trial court has stated what its decision will be but before a written order is filed, the notice of appeal is not timely and the appellate court has no jurisdiction. See, *e.g.*, *Grissom v. Buckley-Loda Community Unit School District No. 8*, 11 Ill. App. 3d 55, 296 N.E.2d 624; *Hale v. Ault*, 24 Ill. App. 3d 10, 321 N.E.2d 151; *Green v. Green*, 21 Ill. App. 3d 396, 315 N.E.2d 324.

■■ The facts in *Boston* were these. The defendants had made motions for the dismissal of charges against them premised upon the assertion that the State had failed to bring them to trial within 120 days as required by statute. (Ill. Rev. Stat. 1973, ch. 38, par. 103—5.) After a hearing on defendants' motions on May 23, 1974, the trial court stated that the motions would be granted and indicated that a written order would be prepared. The State filed notices of appeal on June 21, 1974. Written orders granting the motions for dismissal were not filed until July 10, 1974. This court concluded that since the State filed notices of appeal after the trial court orally indicated its decision but before the written orders were filed, the notices of appeal were not timely filed, and we therefore lacked jurisdiction over the case. We believed then and still do believe that when a court has expressly stated that a written order reflecting a decision will be prepared, the filing of that written order is the "entry" of the order or final judgment. The 30-day period starts running from the time of that filing; there is no appealable order or judgment prior to the time of such filing. We believe the *Boston* decision controls our disposition of the instant appeal. The salient facts here are identical.

■■ In both *Boston* and the present case, the appellant knew that a written order would be filed at a later date. The trial court in this case clearly stated in the presence of defendant and his counsel that a written order would be prepared. In addition, the trial judge wrote in the record sheet that an order would be prepared. The court could not have made it any plainer that its pronouncement on July 6, 1976, was not the last action in the case and that the disposition would not be final until a written order was filed. As stated in *Boston*, the mere announcement of the order or disposition is not the entry of the order. (27 Ill. App. 3d 246, 248.) The 30-

day period under Supreme Court Rule 606(b) for filing a notice of appeal began on July 20, 1976, when the written order was filed. There was no order of July 6, 1976, which was appealable to this court. Consequently, defendant's notice of appeal filed July 16, 1976, was premature, and we must dismiss this appeal.

■■ Defendant-appellant has made a motion requesting this court to grant him leave to file a late notice of appeal pursuant to our power under Supreme Court Rule 606(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 606(c)). We conclude that we cannot grant this motion because of the circumstances presented here. Defendant cannot excuse his failure to timely file his notice of appeal.

A similar rule to *Boston* has been held to apply to appeals from certain interlocutory orders in criminal cases. In *People v. Deaton*, 16 Ill. App. 3d 748, 306 N.E.2d 695, the appellate court dismissed an appeal made by the State from an order of the trial court granting defendant's motion to suppress evidence because the notice of appeal was filed before the final order was entered. The trial court had indicated at the conclusion of its hearing on defendant's motion to suppress evidence on June 14, 1973, that the motion was granted. The State filed pursuant to Illinois Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)) a notice of appeal that same day which purported to be an appeal from an order of June 14, 1973, suppressing evidence. On June 28, 1973, a written order was filed which made findings of facts and conclusions of law and ordered the suppression of the evidence. On these facts, the appellate court held that there was no final order in existence when the notice was appealed; therefore, the reviewing court had no jurisdiction.

■■ There are conceivable sets of circumstances under which it would not be proper to apply the rule of *Boston*. If, for instance, the court after a sentencing hearing were to erroneously inform a defendant that he had "30 days from today to appeal," fundamental fairness might compel a reviewing court to treat a prematurely filed notice of appeal as providently filed. Another set of circumstances was presented to this court in *People v. Krug*, 38 Ill. App. 3d 383, 347 N.E.2d 807, which we felt required us to disregard the rule. In that case, the trial judge ruled on defendant's motion for probation at the sentencing hearing and entered a lengthy recitation in the docket minutes of his ruling that probation would be conditioned upon periodic imprisonment. There was no indication in open court or on the record sheet that a written order would be prepared. In those circumstances, this court held that the defendant had appealed from a final appealable order evidenced by the recitation on the record sheet and that the appellate court had jurisdiction to consider the merits of the appeal even though a written order was filed subsequent to the filing of the notice of appeal.

■■ There are important practical considerations which require this court to avoid application of the *Boston* rule when the situation presented in *People v. Krug* is involved. When the losing party has not been put on notice in any way that a written order will be prepared and entered later, he should not have to wait in anticipation of such a possible filing and risk not perfecting his appeal within the prescribed 30 days. Similarly, it would be unconscionable to permit appellee to force a dismissal of appellant's appeal simply by submitting a written order for filing after the appellant has filed his notice of appeal.

■■ The defendant-appellant argues that this cause is more like *People v. Krug* than *Boston* and that we should therefore not dismiss the appeal. We cannot agree. There are some similarities between this case and *People v. Krug*, but we feel *Boston* must control our disposition. The decisive fact which requires us to apply *Boston* is that defendant knew that a final written order was to be filed after July 6, 1976. The court requested the State's Attorney to prepare one in the presence of defendant and his counsel, and the presiding judge's record sheet entry of July 6, 1976, also stated that an order would be prepared.

For the foregoing reasons, we find that the defendant has not filed a notice of appeal within 30 days from the entry of the final order or judgment, that we are without jurisdiction to reach the merits of this cause. Accordingly, the appeal is dismissed.

Appeal dismissed.

CARTER, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:
A criminal defendant's constitutional right to appeal cannot and should not be defeated by such a technical rule as that advanced in *People v. Boston*, 27 Ill. App. 3d 246, 327 N.E.2d 40. I believe this court was in error in the *Boston* decision and that the opinion should no longer be followed.

As stated in *Boston*, it is true that the courts of this State have applied a similar rule in civil cases. However, there are important and obvious reasons for recognizing a distinction in a criminal appeal. Where a party's actual liberty is at stake, the adversary character of the action must yield to the interests of the defendant and society in the accurate and thorough determination of guilt or innocence. Formalities which serve no legitimate purpose should not be afforded such a liberal construction as to defeat constitutional rights.

In *People v. Krug*, 38 Ill. App. 3d 383, 347 N.E.2d 807, this court made substantial inroads to the ruling stated in *Boston* through the following remarks:

"In the instant case, the judge ruled upon defendant's petition for probation at the sentencing hearing and entered a lengthy recitation in the docket minutes of his ruling that the probation be conditioned upon periodic imprisonment. Subsequently a written probation order was filed containing the terms and conditions of that probation. This subsequent order in no way affected the judgment of guilt or the length of probation or periodic imprisonment. Had defendant sought to challenge the terms of the written probation order on this appeal, we would be faced with a more difficult problem. But here the judgment and sentence were final as to all but the ministerial incidents of probation and that judgment was clearly indicated upon the written record prior to the filing of the notice of appeal. We believe that defendant has appealed from a final appealable order and that we have jurisdiction to consider the merits of this appeal." (38 Ill. App. 3d 383, 385.)

See also *People v. Willett*, 44 Ill. App. 3d 545, 358 N.E.2d 657.

By the preceding comments this court held that where the terms and conditions of probation are explicitly indicated and subsequently adopted in a written probation order, a notice of appeal is proper even though it precedes the filing of the written order. Likewise, in this case "the judgment and sentence were final as to all but the ministerial incidents" of conditional discharge when the trial court requested the state's attorney to prepare a written order incorporating the announced terms. As in *Krug*, a different and more difficult problem would be presented if the contentions on appeal related directly to aspects of the subsequently filed written order not orally stated by the court. But in both *Krug* and here the explicit terms and conditions of the trial court's orally announced sentence served as the basis for the written order.

The majority's blind obedience to rigid technicalities could possibly be rationalized if defendant's motion for filing a late notice of appeal were granted. This would reach an equitable result where the trial court has been primarily responsible for the confusion engendered and where the defendant has apparently been misled by the effect of the trial court's oral recitation. The refusal to grant such a motion under the facts presented in this case is at best unreasonable.