THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY JOE TYLER, Defendant-Appellant.

Fifth District   No. 76-47

Opinion filed July 29, 1977.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Keuhn, State's Attorney, of Belleville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Billy Joe Tyler, defendant, seeks review of an adverse ruling of the circuit court of St. Clair County on a motion to withdraw his guilty plea and to vacate the judgment entered thereon. The motion to withdraw was dismissed on the grounds that the trial court did not have jurisdiction to hear the motion.

Defendant pleaded guilty to two counts of armed robbery which were based on an incident that occurred in Cahokia. Defendant and a companion traveled to the Cahokia Drug Store on the evening of May 21, 1975. Defendant's companion entered the store first and the defendant came in shortly afterwards with a ski mask over his head. Money and drugs were demanded of the store's proprietor. During this time a customer entered the store and was robbed of $300. Before defendant could leave the premises, two members of the Cahokia Police Department arrived and observed defendant inside. He saw the officers and ran from the store but was apprehended just outside with a gun and a sack of money and drugs in his possession.

Defendant admitted to the trial court his participation in the armed robbery of the drug store and of one of its customers. The trial court admonished the defendant of the consequences of his plea and of the rights he was waiving by his plea, and after ascertaining that a factual basis for the plea existed, accepted the guilty plea.

At the presentence hearing on October 17, 1975, the court heard testimony from a court-appointed psychiatrist, and from the defendant. The court sentenced the defendant to the Illinois Department of Corrections for a period of not less than 25 nor more than 75 years. After passing sentence, the court *twice* admonished the defendant that should he want to appeal, he must first file a Rule 605 [*sic*] petition asking the trial court to set aside the plea of guilty and to vacate the judgment. The court went on to say an attorney would be appointed if defendant could not afford one. After this the court again told the defendant that he had 30 days in which to file a motion "under 605 [*sic*]" "to air his grievances."

On October 28, 1975, defendant filed a *pro se* notice of appeal, and on November 4, 1975, a standard form notice of appeal was filed in the trial court. The Office of the State Appellate Defender was appointed as counsel on appeal on November 7. On November 24, 1975, defendant filed a *pro se* motion in the trial court to withdraw the plea and vacate the judgment, with affidavits and a copy of the October 28 notice of appeal. On December 1, 1975, the same attorney who represented the defendant at the sentencing hearing filed a Rule 604(d) petition with the necessary affidavits and certificates. The trial court entered an order on December 9, 1975, dismissing the motions to vacate filed on November 24, 1975, and December 1, 1975. The court stated in the order that the filing of the notice of appeal stripped the court of further jurisdiction of the cause.

No subsequent notice of appeal to this court was ever filed.

The right of appeal does not exist in a vacuum; it is statutory and there must be compliance with the conditions prescribed by statute. (*People v. Anders*, 20 Ill. App. 3d 984, 313 N.E.2d 520.) Defendant has not filed a

notice of appeal since the order of the trial court on December 9, 1975. The lack of a notice of appeal is jurisdictional. See Ill. Rev. Stat. 1975, ch. 110A, par. 606(a).

Since the notice of appeal filed in this case was void and since there has been no notice of appeal filed from the trial court's order of December 9, 1975, we are without jurisdiction to review this appeal. (See *People v. Boston*, 27 Ill. App. 3d 246, 327 N.E.2d 40.) Therefore we dismiss this appeal.

Appeal dismissed.

JONES and G. J. MORAN, JJ., concur.