THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* FRANK E. COOK, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* STEVEN EKSTROM, Defendant-Appellee.

Second District   Nos. 80-86, 80-122 cons.

Opinion filed March 17, 1981.

Peter J. Woods, State's Attorney, of Oregon (Phyllis J. Perko and Cynthia Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John F. McNamara and Mary P. Gorman, both of O'Brien, Healy, Wade, Abate, McNamara & Gorman, of Rockford, for appellees.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

STEVEN EKSTROM, No. 80-86

In the case of People v. Steven Ekstrom, No. 80-86, defendant has filed a motion to dismiss the State's appeal. In his motion, the defendant contends that this court lacks jurisdiction due to the State's failure to file a timely notice of appeal. The State has filed objections to the defendant's motion to dismiss and, in the alternative, has filed a motion for leave to file a late notice of appeal.

■■ The State seeks to appeal from a trial court order granting the defendant's motion to suppress the results of a blood alcohol test. The order was purportedly entered on January 30, 1980. In a letter, dated January 30, 1980, and addressed to defense counsel with a copy to the State's attorney, the trial court did announce its decision to grant the motion to suppress. In this letter the trial court directed counsel to draft an order for his signature. This letter cannot, by any stretch of the imagination, be deemed an order of the trial court. There was no order granting defendant's motion to suppress entered on January 30, 1980. This court has

no jurisdiction to consider an appeal from a nonexistent judgment order. *People v. Boston* (1975), 27 Ill. App. 3d 246, 248; *People v. Deaton* (1974), 16 Ill. App. 3d 748, 749.

■■ The order granting the motion to suppress was entered by the trial court on March 11, 1980. The State did not seek an appeal from the order of March 11 until July 30, 1980. On that date the State filed, before this court, a motion for leave to file a late notice of appeal. In this motion the State does not deny that it was aware of the entry of the March 11 order, nor does the State articulate any reason or explanation for its failure to file a timely notice of appeal. The motion to file a late notice of appeal is, therefore, denied, and the appeal is dismissed.

### Frank E. Cook, No. 80-122

Defendant, Frank E. Cook, was charged by indictment with the offenses of reckless homicide (Ill. Rev. Stat. 1977, ch. 38, par. 9—3), driving a motor vehicle while under the influence of intoxicating liquor (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501), leaving the scene of an accident involving death (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(a)), and driving with a suspended license (Ill. Rev. Stat. 1977, ch. 95½, par. 6—303). The trial court granted the defendant's motion to suppress the blood alcohol test results. The State appeals pursuant to Supreme Court Rule 604 (Ill. Rev. Stat. 1979, ch. 110A, par. 604).

Appellee has failed to file a brief with this court; therefore, we accept appellant's statement of facts as accurate. *People v. Bohannon* (1976), 38 Ill. App. 3d 489.

At approximately 7 p.m. on September 15, 1979, a pedestrian was fatally injured in a hit and run accident. As a result of that accident the defendant, Frank E. Cook, was charged by indictment in this case. Later that evening, when apprehended by the police, the defendant signed a "Drug and Alcohol (Ethanol) Release Form." Shortly thereafter, a lab technician from the Rochelle Community Hospital extracted a vial of blood from the defendant for the purpose of ascertaining the presence of alcohol or drugs. The test indicated that defendant's blood alcohol level was 0.199 percent. No trace of barbiturates, stimulants or tranquilizers was found in the sample.

On January 29, 1980, the defendant filed a motion to suppress the test results. The grounds for the defendant's motion were: (1) that he was not advised of his rights regarding the blood test; and (2) that he was not afforded safeguards provided by sections 11—501 and 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, pars. 11—501 and 11—501.1). In granting the motion to suppress, the trial court determined that, because the defendant was not advised of his *Miranda*

rights and all of the possible penalties that he might face if the test results are positive, the defendant did not consent to the taking of the blood alcohol test.

■■ The trial court erred in holding that in order to knowingly and intelligently consent to the test, the defendant must be informed of his *Miranda* rights. The procedural safeguards, now commonly called *Miranda* rights or warnings, are deemed necessary to protect the defendant's constitutional privilege against self-incrimination. They are a prerequisite for admissibility when the evidence obtained from defendant is of a testimonial nature. (See *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) The withdrawal and analysis of blood does not provide the State with evidence of a testimonial or communicative nature. The defendant's privilege against self-incrimination is not involved and *Miranda* warnings are not required. *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826; *People v. Haugh* (1975), 27 Ill. App. 3d 710.

■■ A compulsory blood test does not violate any constitutional rights of an individual merely because he objects to such tests. (*Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826.) As the Illinois Supreme Court pointed out in *People v. Todd* (1975), 59 Ill. 2d 534, 545: "Thus, absent a more limiting statutory provision, the taking of a blood sample does not require the consent of the donor."

■■ Illinois has adopted a more limiting statutory provision which requires the exclusion of blood alcohol test results, if the blood sample was obtained without the consent of the defendant. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(c)(3).) The appropriate inquiry, therefore, is whether a voluntary consent was obtained from the defendant prior to his submission to a blood alcohol test. The issue of the voluntariness of the consent is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 248-49, 36 L. Ed. 2d 854, 875, 93 S. Ct. 2041, 2059.

In this case, the defendant Cook did sign a written consent form. Moreover, in his motion to suppress, the defendant did not assert that his consent was involuntary. Rather, he contended that the State did not adhere to the provisions of sections 11—501 and 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, pars. 11—501 and 11.501.1), and for that reason the evidence must be suppressed.

■■ In section 11—501.1, the legislature provided that any person who drives a motor vehicle in this State thereby consents to take and complete a test of chemical analysis *of his breath* to determine the alcoholic content of his blood. This section sets forth, in detail, the nature of the advice

which must be given to an arrested driver before proceeding with the breathalyzer test. The defendant argues that this advice must also be given before the taking of a blood sample.

Section 11—501(c)(3) specifically provides in part:

> "Evidence based upon a chemical analysis of blood, urine, breath or other bodily substance shall not be admitted unless such substance was procured and such analysis made with the consent of the person as provided by this Chapter, whose bodily substance was so analyzed." (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(c)(3).)

The defendant argues that because chapter 95½ contains no other provision concerning the method of giving the consent, the words "as provided by this Chapter" of section 11—501(c)(3) inferentially adopt the requirements of section 11—501.1. The defendant thus contends that the advice required to be given under section 11—501.1 to a driver before the taking of a breathalyzer sample, must also be given to a driver before the taking of a blood sample under section 11—501(c)(3). We cannot agree. The requirements of section 11—501.1 clearly and explicitly apply only to the taking of a breath sample to determine the alcohol content of the blood. These conditions are a prerequisite only in cases involving a test or chemical analysis of the breath to which the person had impliedly consented by the operation of his motor vehicle. Absent a specific provision set forth in the statute with reference to the taking of blood samples, the words "as provided by this Chapter" contained in section 11—501(c)(3) are surplusage. *People v. Todd* (1975), 59 Ill. 2d 534, 543.

Because we have determined that the trial court erred in imposing the requirement that *Miranda* warnings be given to the defendant prior to the taking of the consent, and because we have also determined that the provisions of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1) do not apply to the taking of blood alcohol test under section 11—501(c)(3) of the Code, and further, because the defendant did sign the "Drug and Alcohol (Ethanol) Release Form," and because the defendant failed to present any evidence indicating that he did not knowingly and voluntarily consent to the taking of the test, we find that the trial court erred in granting the motion to suppress blood alcohol test in this case and that order is hereby reversed. The cause of People v. Cook is remanded to the trial court for further proceedings consistent with this opinion.

Appeal dismissed in No. 80-86.

Reversed and remanded in No. 80-122.

SEIDENFELD, P. J., and REINHARD, J., concur.