(No. 49737.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES E. ALLEN, Appellant.

*Opinion filed March 23, 1978.—Rehearing denied May 26, 1978.*

Denis McGrady, Jr., of McGrady & McGrady, of Gillespie, for appellant.

William J. Scott, Attorney General, of Springfield, and Kelly D. Long, State's Attorney, of Hillsboro (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Bruce D. Irish, of the Illinois State's Attorneys Association Prosecutors' Appellate Service, of Elgin, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a jury trial in the circuit court of Montgomery County, defendant, James E. Allen, was convicted of the offense of theft (Ill. Rev. Stat. 1975, ch. 38, par. 16–3(a)). He was sentenced to conditional discharge, fined, and ordered to make restitution. Holding that at the time defendant's notice of appeal was filed, the circuit court had not as yet entered a final appealable order, the appellate court dismissed the appeal. (49 Ill. App. 3d 108.) We allowed defendant's petition for leave to appeal.

The jury's verdict was returned on May 5, 1976. The docket sheet shows the following entry:

> "July 6, 1976. Motion in Arrest of Judgment heard and denied. Post Trial motion heard and denied. Motion that verdict of jury be vacated denied. Motion for new trial denied. Evidence in aggravation and mitigation presented. Statements of counsel heard. Deft. placed on Conditional Discharge for a term of 2 years upon usual statutory terms and also that Deft. make restitution in the amount of $234.00 and that he pay a fine in the amount of $750.00 and costs. Order to be prepared."

The transcript of the proceedings on that date shows that the circuit court requested the State's Attorney to prepare "a written order along those lines." The written order, file-marked July 20, 1976, provides: "Enter: July 6, 1976." Defendant's notice of appeal, filed July 16, 1976, states that the judgment appealed from was entered on July 6, 1976.

Defendant contends that under Supreme Court Rule 606(b) his notice of appeal was timely filed. The People contend:

> "Where the details of the judgment are clearly enunciated in writing in the records of the court at the time of its pronouncement, and there is no indication that further written orders are to be entered, the defendant may file an effective notice of appeal within 30 days thereafter. [Citations.]
>
> However, where the court clearly indicates that its pronouncement, with or without concurrent docket entries, does not constitute the entry of judgment—by directing that the written judgment be prepared for later entry—the prospective appellant is put on notice that the judgment, although pronounced, is not yet final and appealable, as the requisite entry of judgment under Rule 606(b) is yet to be met."

Supreme Court Rule 272 pertaining to the entry of judgment in civil cases provides:

> "If at the time of announcing final judgment the

judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 58 Ill. 2d R. 272.

Supreme Court Rule 606(b), applicable in criminal appeals, states:

"The notice of appeal shall be filed within 30 days from the entry of the order or judgment from which the appeal is taken; or if the appellant applies for probation or files a motion for a new trial or in arrest of judgment, the notice of appeal shall be filed within 30 days after the ruling of the court on the application for probation or the denial of the motion. ***" 58 Ill. 2d R. 606(b).

The Code of Criminal Procedure of 1963 contains the following definitions:

" 'Judgment' means an adjudication by the court that the defendant is guilty or not guilty and if the adjudication is that the defendant is guilty it includes the sentence pronounced by the court." (Ill. Rev. Stat. 1975, ch. 38, par. 102—14.)

" 'Sentence' is the disposition imposed on the defendant by the court." (Ill. Rev. Stat. 1975, ch. 38, par. 102—20.)

The final judgment in a criminal case is the sentence. *People v. Warship* (1974), 59 Ill. 2d 125, 130.

In a criminal case the pronouncement of the sentence is the judicial act which comprises the judgment of the court. The entry of the judgment order is a ministerial act and is merely evidence of the sentence. *People v. Moran* (1930), 342 Ill. 478; Accord, *Sasser v. United States* (6th Cir. 1965), 352 F.2d 796.

This record does not present the question nor need we consider what rule would apply in the event of a

382

discrepancy between the judgment as pronounced and the order as entered. Here there is no question that the judgment order purportedly entered as of July 6, 1976, correctly embodied the judgment of the court. Under these circumstances we hold that the judgment was entered at the time of its pronouncement on July 6, 1976, and that the notice of appeal was therefore timely filed. For the reasons stated the order of the appellate court dismissing the appeal is reversed and the cause is remanded to the Appellate Court for the Fifth District with directions to reinstate the appeal.

*Reversed and remanded,*
*with directions.*