THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY L. ERVIN, Defendant-Appellant.

Fifth District    No. 80-316

Opinion filed January 29, 1982.

John H. Reid and John F. Erbes, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Daniel Hartigan, State's Attorney, of Newton (Martin N. Ashley and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

Following a bench trial defendant was convicted of aggravated incest and indecent liberties with a child (Ill. Rev. Stat. 1979, ch. 38, pars. 11—10 and 11—4). The court imposed a sentence of four years on the latter conviction; no sentence was imposed on the aggravated incest conviction. The court pronounced sentence on May 29, 1980, stating, in pertinent part:

> "I am going to sentence you to the minimum 4 years in the penitentiary. Judgment will be entered on the sentence and mitimus [sic] will be ordered to issue instanter.
>
>           * * *
>
> Judgment order should be prepared. It will set forth the credit. One other matter I have to advise you of, Mr. Ervin, you have a right to take an appeal and to preserve your right to appeal you must file with the Clerk of this court within 30 days of today's date

a written notice of appeal and that will perfect your right to take an appeal to the Appellate Court."

The defendant, who was represented by counsel at the sentencing hearing, was admonished of his rights on appeal pursuant to Supreme Court Rule 605(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 605(a)). A formal written "judgment and sentence" was signed by the court, dated May 29, 1980, but not filed until June 3, 1980. No post-trial motion was filed after the May 29, 1980, sentencing hearing. On July 2, 1980, defendant's *pro se* notice of appeal was filed. Neither the defendant nor his counsel requested in open court at the time he was advised of his right to appeal, or subsequently in writing, that he desired to file a notice of appeal (see Ill. Rev. Stat. 1979, ch. 110A, par. 606(a)).

The threshold issue we must address is whether defendant's notice of appeal was timely filed in order to confer jurisdiction upon this court. This, of course, depends on the date of "the entry of the final judgment appealed from" under Supreme Court Rule 606(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 606(b)).

Although Supreme Court Rule 606(b) requires that a notice of appeal in a criminal case be filed within 30 days after entry of the final judgment, or order disposing of a motion directed against the judgment, there is no provision in article VI of the Supreme Court Rules that denotes when a judgment is entered. However, in civil cases Supreme Court Rule 272 (Ill. Rev. Stat. 1979, ch. 110A, par. 272) provides some guidance. If at the time of announcing final judgment the court requires submission of a written judgment, the judgment becomes final when the signed judgment is filed. If no submission is required, the judgment is entered at the time it is "entered of record."

In *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 983, 326 N.E.2d 74, 82, the court observed that Supreme Court Rule 272 "does not explicitly fix the time at which a judgment is entered of record in circumstances where no written judgment order is requested by the court." After examining the unique procedure followed in the County Department of the Cook County Circuit Court, the court held that the judgment was entered of record not with entry in the "minute book" of the trial court, but with the transcription of the minute book entry to the "Docket and the Law Record Book." Further discussion of the application of Supreme Court Rule 272 to the labyrinth of idiosyncratic recordkeeping procedures peculiar to Cook County can be found in *Berzana v. Mezyk* (1980), 86 Ill. App. 3d 824, 408 N.E.2d 412. There the court held that a judgment entered in the circuit court's "minute book," but not upon the "half-sheet," in the Municipal Department was "entered of record" for purposes of Supreme Court Rule 272. In *In re Annexation to City of Darien* (1973), 16 Ill. App. 3d 140, 144, 304 N.E.2d 769, 773, the court

observed that "when an order is 'entered' it becomes of record in the case either as a written document placed in the file, or by being placed in the circuit court clerk's docket book." In *Heritage Shelter Care Home, Inc. v. Miller* (1975), 31 Ill. App. 3d 700, 334 N.E.2d 355, we held that a trial judge's record-sheet entry was an entry of an "order" disposing of a motion for rehearing for purposes of determining when the 30-day period for appealing began to run under Supreme Court Rule 303(a).

■■ In short, these cases reflect that under Supreme Court Rule 272, an order or judgment is not entered of record upon the oral pronouncement of the court, but rather a judgment is entered of record when a signed judgment is filed, if the court requires submission of a written judgment; or, if no written judgment or order is to be prepared, when it is noted (1) in the docket and law record book in the County Department or the minute book in the Municipal Department of the Cook County Circuit Court or (2) in the "Record Sheet" (commonly referred to as docket entry sheet) elsewhere. The administrative order of the Supreme Court on recordkeeping in the circuit courts provides that the record sheet is part of the basic court record (see sections 1001.3 and 5136).

Article VI of the Supreme Court Rules (Ill. Rev. Stat. 1979, ch. 110A, par. 601 *et seq.*) governing appeals in criminal cases does not have a provision similar to Supreme Court Rule 272. Neither does the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 100—1 *et seq.*)

■■ The final judgment in a criminal case is the sentence. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1; *People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507; *People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283.) The precise issue we are presented with, then, is when is the final judgment or sentence in a criminal case "entered of record."

In *People v. Boston* (1975), 27 Ill. App. 3d 246, 327 N.E.2d 40, the State appealed from a May 23, 1974, order granting defendants' motions to dismiss various criminal charges. At the May 23 hearing the court granted the motions but stated a written order was to be prepared. Written orders were filed July 10 after the State filed notices of appeal on June 21. We held that the May 23 announcement did not constitute entry of that order. The orders were entered of record when they were filed July 10. Thus, since the State filed its notices of appeal before entry of the orders, the appeal was dismissed for lack of jurisdiction.

In *People v. Allen* (1977), 49 Ill. App. 3d 108, 363 N.E.2d 892, we held that the oral pronouncement of sentence, at which time the court indicated that a written order was to be prepared, was not entry of the final judgment. The 30-day period under Supreme Court Rule 606(b) for filing a notice of appeal did not begin to run until the written order was subse-

quently filed, *i.e.*, the judgment was entered of record. We observed that if a court after a sentencing hearing indicated a written judgment was to be prepared but nevertheless informed a defendant that he had "30 days from today to appeal," fundamental fairness might compel treating the premature notice of appeal as timely filed. We also noted that if the court did not indicate a written judgment was to be prepared, the judgment was final at that time as evidenced by the record sheet entry. *People v. Krug* (1976), 38 Ill. App. 3d 383, 347 N.E.2d 807, citing *Heritage Shelter Care Home, Inc. v. Miller.*

These attempts at applying the rationale of Supreme Court Rule 272 to criminal cases was rejected by the supreme court in *People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283, wherein it was held that the judgment was entered of record at the time of its oral pronouncement by the court regardless of whether a party was directed to prepare a formal written judgment for the court's signature and filing.

■■ In the present case the court pronounced sentence on May 29, 1980, at which time it directed that a judgment be prepared and advised defendant that he had 30 days from "today's date" in which to file a notice of appeal. Pursuant to the court's admonition under Supreme Court Rule 605(a) and the holding of *People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283, it was incumbent upon the defendant to file a notice of appeal within 30 days from the May 29 oral pronouncement of sentence, *i.e.*, by June 30, 1980 (since the 30th day, June 28, was a Saturday). (See Ill. Rev. Stat. 1979, ch. 1, par. 1012.) Although the court directed that a "judgment order should be prepared" and defendant filed a notice of appeal within 30 days from the date it was subsequently signed and filed, we are constrained under *People v. Allen* to hold that it was not timely filed.

In his reply brief, defendant argues that his notice of appeal, filed within 30 days of the written judgment, was timely since the written judgment varied from the oral pronouncement of the court and thus was the final judgment to be appealed. The basis of this argument is that at the time of the oral pronouncement of judgment the court stated: "Judgment Order should be prepared. It will set forth the credit." Immediately preceding this statement by the court, the court had inquired if there was any previous incarceration of defendant. The State's Attorney said there had been two or three days; defendant's attorney said there had been six days. When the written judgment was filed, it conferred seven days' sentence credit. Defendant contends that since he did not know the exact amount of sentence credit he was to be granted until the written judgment was filed, it must constitute the final judgment.

Defendant's argument is not well taken. The sentence credit in this case is conferred by the applicable statute and is not a subject for exercise

of discretion by the trial court. Furthermore, it is a statutory administrative duty of the clerk to advise the Department of Corrections as to the number of days sentence credit the defendant is to receive.

Section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7(b)) provides in pertinent part:

"(b) The offender shall be given credit on the determinate sentence * * * for time spent in custody as a result of the offense for which the sentence was imposed, * * *."

Section 5—4—1(e)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(e)(4)) provides in pertinent part:

"(e) The clerk of the court shall transmit to the department, agency or institution, if any, to which the defendant is committed, the following:

* * *

(4) the number of days, if any, which the defendant has been in custody and for which he is entitled to credit against the sentence, which information shall be provided to the clerk by the sheriff; * * *."

Cf. People v. Scheib (1979), 76 Ill. 2d 244, 390 N.E.2d 872; People ex rel. Morrison v. Sielaff (1974), 58 Ill. 2d 91, 316 N.E.2d 769.

For the foregoing reasons, this court has no jurisdiction and the appeal must be dismissed.

Appeal dismissed.

WELCH and KASSERMAN, JJ., concur.