THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY BARNES, Defendant-Appellant.

Fifth District    No. 5—88—0581

Opinion filed February 22, 1990.—Rehearing denied March 22, 1990.

528

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Robert W. Mueller, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Anthony Barnes, appeals from an order of the circuit court of St. Clair County sentencing him to 40 years in the Department of Corrections. In this cause, defendant raises a single issue, namely, whether defendant was properly sentenced to a term of imprisonment of 40 years where the trial court originally imposed a sentence of 25 years' imprisonment, but after a short recess, vacated the 25-year sentence and instead imposed a 40-year sentence after realizing defendant's true identity. We affirm.

The facts in this case are not in dispute. Defendant, Anthony Barnes, pleaded guilty to murder on May 30, 1984. Sentencing was held on July 2, 1984, in front of Judge John J. Hoban. The trial court imposed a sentence of 25 years in the Department of Corrections. A

short recess was taken by the court. Following the recess, the trial judge announced that he was vacating the sentence and was instead sentencing defendant to 40 years in the Department of Corrections. The trial judge explained he had confused defendant with defendant's brother, James Barnes, who was also involved in the murder. No post-sentencing motions were filed, nor was a direct appeal taken.

A petition for post-conviction relief was filed in February 1987. Counsel was appointed and filed an amended petition in July 1988, alleging that defense counsel was ineffective, therefore requiring a reversal. The amended petition did not address the manner in which defendant was sentenced. The petition was heard by Judge Stephen M. Kernan and ultimately denied. This is the first time that the issue of improper sentencing has been raised.

Defendant specifically argues that the trial court's imposition of the 40-year sentence was error because the trial judge was without the power to vacate the previously ordered 25-year sentence. Section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c)) provides that a court may reduce a sentence without a motion within 30 days of its imposition, but expressly proscribes an increase in a sentence. Defendant contends that the controlling factor is the oral proclamation of a sentence rather than the written sentencing order, so that even though the sentencing order states that defendant's sentence is 40 years' imprisonment, defendant's sentence is actually only 25 years' imprisonment, as was first orally imposed. The State first replies that the issue has been waived because defendant failed to move to vacate his guilty plea or to raise the issue of an improper sentence before the trial court. Assuming, *arguendo*, that the sentencing issue has not been waived, the State contends that the record is clear that the trial court made an error in the identity of defendant, not in the term of years imposed. We agree.

■ We address first the State's waiver issue. Defendant did fail to raise the issue of an improper increase in sentence before the trial court. However, the error asserted clearly affected defendant's fundamental right to liberty and impinged upon his right to be sentenced fairly. (*People v. Redisi* (1988), 172 Ill. App. 3d 1003, 1013, 527 N.E.2d 684, 691 (consideration of the defendant's claim that he should not have been sentenced to an extended term for home invasion, absent a statutory aggravating factor, could be reviewed as plain error).) Because the issue raised by defendant affects substantial rights, we will review it as plain error. 107 Ill. 2d R. 615(a).

■ In a criminal proceeding, the pronouncement of the sentence is the judicial act which comprises the judgment of the court. The en-

try of the sentencing order is a ministerial act and is merely evidence of the sentence. (*People v. Allen* (1978), 71 Ill. 2d 378, 381, 375 N.E.2d 1283, 1284.) However, in determining the sentences that have been imposed, a reviewing court may refer to the sentencing order. *People v. Williams* (1983), 97 Ill. 2d 252, 310, 454 N.E.2d 220, 248.

Defendant's argument characterizes the oral pronouncement of sentence and the judgment order setting out his sentence as separate transactions so that the original oral pronouncement barred a subsequent modification by either a revised oral pronouncement or by the written judgment order. While case law does lend some support to defendant's argument, here we find that the oral pronouncement and the written judgment were part of a continuing transaction occurring on a single day.

■ Defendant relies on *People v. Allen* (1978), 71 Ill. 2d 378, 375 N.E.2d 1283, in which the supreme court addressed the issue whether a notice of appeal filed after the oral pronouncement of a sentence but before the filing of the judgment order was timely. The *Allen* court held that the period of time during which the notice of appeal had to be filed commenced when the trial court orally pronounced the defendant's sentence because the pronouncement of the sentence is a judicial act which comprises the judgment of the court, whereas the entry of the judgment order was merely ministerial. (71 Ill. 2d at 381, 375 N.E.2d at 1284.) The *Allen* court continued, however, that "[the] record does not present the question nor need we consider what rule would apply in the event of a discrepancy between the judgment as pronounced and the order as entered." (71 Ill. 2d at 381-82, 375 N.E.2d at 1284.) The supreme court refused to mandate that the oral pronouncement controlled over the written judgment. Rather, in circumstances where a conflict between the report of proceedings and the common law record arises, the reviewing court must look to the record as a whole to resolve inconsistencies. *People v. Tackett* (1985), 130 Ill. App. 3d 347, 351, 474 N.E.2d 451, 454; *People v. Jones* (1977), 53 Ill. App. 3d 197, 204, 368 N.E.2d 452, 457.

A review of the record in the instant case reveals that when the trial court made the oral pronouncement of a 25-year sentence, it was under the mistaken impression that the defendant before it was James Barnes. The record indicates that after the 25-year sentence was imposed, the trial court took a brief recess after which time the following proceedings occurred:

"THE COURT [Judge Hoban]: Let the record show when the defendant Anthony Barnes was brought before the Court, the Court was under the impression it was James Barnes. That is

the reason he was given the sentence of 25 years. In fact, it is marked on the docket sheet of court, James Barnes. This is Anthony Barnes, now?

MR. PORTER [defense counsel]: This is Anthony Barnes, yes, Your Honor.

THE COURT: Okay. Mr. Barnes, do you have anything you wish to say? I went through the whole rigamarole with you?

DEFENDANT BARNES: No, sir.

THE COURT: The defendant, Anthony Barnes, is now before the Court, the Court vacates and sets aside the previous sentence of twenty-five years, which he mistakenly imposed upon the defendant, Anthony Barnes, thinking it was James Barnes. And is now sentencing Anthony Barnes in his own true self, true name, true person.

The Court having made an independent assessment of the presentencing investigation and the report, there is no evidence offered in aggravation or in mitigation. The defendant has been given an opportunity to make a statement in his own behalf. The Court feels that a fit and proper disposition of this matter would be to sentence the defendant into the custody of the Department of Criminal Corrections for placement in an institution of their choosing and there to stay for a period of forty years. Or until he's otherwise discharged by virtue of law. Mittimus to issue. Judgment is entered upon the plea of guilty, finding of the defendant's age and sentence just imposed.

You have thirty days from today to file in this court a written motion asking me to vacate and set aside this judgment. In this motion, you shall set forth the grounds upon which you rely. Like you can put in the motion that I previously sentenced you, I want to clarify that right now, say I did it not knowing which Barnes you were. So, we will clarify that in advance. But, you can put that in there. We will have a hearing on any motion that you file. If the motion is well taken, I'll vacate the plea of guilty, reinstate your plea of not guilty. You'll go to trial on both charges, murder and the other charge. If I feel that the motion is not well taken, I'll deny it, and you'd have thirty days to appeal to the Fifth District Appellate Court. That will be the order of the Court."

Reading the record as a whole, it is clear that the trial court was under the mistaken belief that it was sentencing James Barnes rather than Anthony Barnes; therefore, the trial court's vacation of the 25-year sentence and the imposition of the 40-year sentence did

not violate the express prohibition against an increase in a sentence by a trial court. (See Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c).) The record clearly explains that the trial court made a factual mistake as to the identity of defendant, but corrected itself almost immediately, and the written judgment made on the same date, previously found to be part of the same transaction, clears up any inconsistencies. We find defendant was properly sentenced to a term of 40 years' imprisonment.

For the foregoing reasons, the order of the circuit court of St. Clair County is affirmed.

Affirmed.

LEWIS, P.J., and HOWERTON, J., concur.