Sixth Division
December 19, 2008

No. 1-07-0399

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court |
| | ) | of Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | 95 CR 9715 |
| | ) | |
| ELLIOT HARPER, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | John A. Wasilewski, |
| | ) | Judge Presiding. |

JUSTICE McBRIDE delivered the opinion of the court:

Defendant Elliot Harper appeals from the trial court order granting the State's motion to dismiss his petitions for relief pursuant to the Post-Conviction Hearing Act (the Act)(725 ILCS 5/122-1 et seq. (West 2006)).  On appeal, defendant contends he made a substantial showing that (1) he did not receive the benefit of the bargain he made with the State when he pled guilty, and (2) his mittimus must be corrected to reflect two more days of presentence custody credit.

On May 29, 1997, defendant entered a negotiated plea of guilty to first degree murder and attempted murder.  The factual basis of the plea established that on March 20, 1995, defendant fired a weapon into a vehicle, killing Lorenzo Aldridge and wounding Tomango Willis.  After the court accepted defendant's plea, it sentenced him as follows:

> "THE COURT: *** The defendant will be sentenced to 24
>
> years in the Illinois Department of Corrections on Count 1
>
> [murder].  He's to receive credit.

* * *

THE COURT: Receive credit for 798 days time served. On Count 3 [attempted murder], the defendant will be sentenced to six years Illinois Department of Corrections. That's to be consecutive to the term, the sentence in Count 1, and he's also to receive credit on that for 798 days time served."

The court also entered two separate written orders, providing that defendant should receive 798 days' credit for "Murder Count I" and 798 days' credit for "Attempt Murder Count III."[1] Defendant's order of sentence and commitment reflected that he was sentenced to 24 years for first degree murder and 6 years for attempted murder, to be served consecutively. In addition, the mittimus noted: "credit 798 days served in custody TCS. TAS."

The parties agree that defendant did not file a postplea motion but, instead, filed a motion to correct the mittimus to reflect credit for time served against each of his sentences. Defendant filed this motion in August 1998 and the circuit court denied it on September 11, 1998. On appeal, we granted appellate counsel's motion for leave to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), and affirmed the judgment of the circuit court, noting that "[t]he relief defendant requests is precluded by People v. Latona, 184 Ill. 2d 260, 271 (1998))." People v. Harper, No. 1-98-3727, slip op. at 2 (1999) (unpublished order under Supreme Court Rule 23).

On March 11, 1999, defendant filed a pro se postconviction petition, alleging, inter alia,

---

[1] The original order for "Murder Count I" does not appear in the common law record, but defendant attached an undisputed copy to his pro se postconviction petition.

that plea counsel Barry Pechter and the court advised him that he would receive 798 days' credit for time served on both offenses. Defendant attached copies of the sentencing orders and a letter from Pechter, dated January 5, 1998, stating, in part:

"It appears that the Department of Corrections has chosen not to abide by court orders regarding time served in consecutive cases. I personally do not believe the Department of Corrections has the right not to obey a court order. However, the matter is now under consideration by the Illinois Supreme Court."

Defendant also attached an affidavit from his father, Elliot Harper, Sr., who averred that on May 29, 1997, Pechter advised him and other family members that defendant would receive credit for time served in custody on both offenses, totaling 1,596 days' credit. Last, defendant attached his own affidavit, providing that he was advised on May 19 and 29, 1997, that he would receive 1,596 days' presentence custody credit if he pled guilty to both counts, i.e., murder and attempted murder.

Subsequently, defendant filed a pro se motion to supplement his petition with Pechter's affidavit, which provided that Pechter believed defendant would receive a total of 1,596 days' credit pursuant to a Rule 402 (177 Ill. 2d. R. 402) conference he had with the court on May 9, 1997.

Defendant's petition advanced to the second stage, where postconviction counsel ultimately filed the instant supplemental petition, alleging that defendant did not receive the

benefit of the bargain regarding his plea agreement. The State filed a motion to dismiss, which the trial court granted on October 27, 2006, noting that there was no substantial denial of defendant's constitutional rights.

On appeal, defendant first asserts that his petition made a substantial showing of a constitutional violation that he did not receive the benefit of the bargain he made with the State when he pled guilty. Defendant does not contest that his plea was knowingly or voluntarily made, nor does he seek to withdraw his plea of guilty. Rather, defendant seeks specific performance of the plea agreement as he understood it and requests that we reduce his sentence for murder from 24 years to 21 years and 297 days.

On appeal, defendant relies primarily on People v. Whitfield, 217 Ill. 2d 177 (2005), for the proposition that he deserves relief because he was denied the benefit of his plea bargain. In Whitfield, the trial court failed to advise the defendant of the three-year period of mandatory supervised release (MSR) before ratifying a negotiated guilty plea agreement. Whitfield, 217 Ill. 2d at 190. Under a benefit-of-the-bargain analysis, the supreme court held that the defendant was entitled to a reduction in his negotiated 25-year sentence by 3 years to 22 years followed by a 3-year MSR term. Whitfield, 217 Ill. 2d at 205. In the instant case, however, unlike Whitfield, the trial court did not fail to advise defendant of the appropriate MSR term but, rather, awarded him presentence custody credit that the law did not allow. Latona, 184 Ill. 2d at 271-72.

Although we understand defendant's argument on appeal, we hold this case is governed not by Whitfield but by Illinois Supreme Court's decision in People ex rel. Ryan v. Roe, 201 Ill.

2d 552 (2002). In Roe, the defendant pled guilty to predatory criminal sexual assault of a child in exchange for an eight-year sentence. At the defendant's guilty plea hearing, the trial court, assistant State's Attorney and defense counsel agreed that truth-in-sentencing would not apply and that the defendant would be eligible for day-for-day good-conduct credit on his eight-year sentence. The trial court wrote on the defendant's sentencing order: "NOT SUBJECT TO TRUTH IN SENTENCING." Roe, 201 Ill. 2d at 555. This agreement was in violation of a statute that provided the defendant must serve at least 85% of his sentence and does not receive normal day-for-day good-conduct credit. Roe, 201 Ill. 2d at 556. Nearly three years later, the State filed a mandamus complaint, seeking an amended sentencing order without language stating that truth-in-sentencing did not apply. Roe, 201 Ill. 2d at 555.

In awarding the writ, the Roe court stated that "the trial court had no authority to order, and the State had no authority to agree, that the defendant's eight-year sentence was not subject to truth-in-sentencing." Roe, 201 Ill. 2d at 557. Nevertheless, in the exercise of its supervisory authority, the Roe court granted the defendant's request to reduce his sentence from eight years' to six years' imprisonment, the statutory minimum for the charged offense. Roe, 201 Ill. 2d at 558. The Roe court found that the proposed solution was equitable considering "neither party contemplated truth-in-sentencing requirements when negotiating toward a guilty plea." Roe, 201 Ill. 2d at 558.

In this case, although the defendant contends he is entitled to the benefit of the bargain, the State has maintained throughout these proceedings that defendant was not entitled to double

1-07-0399

credit on his consecutive sentences.

Here, as in <u>Roe</u>, the trial court did not have authority to award double day-for-day credit to defendant's consecutive sentence. <u>Latona</u>, 184 Ill. 2d at 271-72. Unlike the supreme court in <u>Roe</u>, however, we do not have supervisory authority to grant the extraordinary relief which defendant requests, <u>i.e.</u>, a reduction in his sentence for murder from 24 years to 21 years and 297 days. Accordingly, we must uphold the dismissal of defendant's postconviction petition.

Next, defendant asserts and the State rightly concedes that he spent 800, not 798, days in presentence custody. Further, defendant asks that we correct his mittimus to reflect two additional days of presentence credit. Because we have the authority to correct the mittimus at any time without remanding the matter to the trial court (<u>People v. Pryor</u>, 372 Ill. App. 3d 422, 438 (2007)), we order the correction of the mittimus to reflect two additional days of presentence custody credit.

For the foregoing reasons, we affirm trial court's dismissal of defendant's postconviction petition and direct the clerk of the circuit court to correct the mittimus to reflect 800 days of presentence custody credit.

Affirmed; mittimus corrected.

O'MALLEY, P.J., and CAHILL, J., concur.