# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Strom*, 2012 IL App (3d) 100198

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, SCOTT W. STROM, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0198 |
| Filed | January 5, 2012 |
| Rehearing denied | February 15, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was sentenced to four years of imprisonment and two years of mandatory supervised release pursuant to an agreement to plead guilty to one count of criminal sexual assault, but section 5-8-1(d)(4) of the Unified Code of Corrections required a minimum MSR term of three years to a maximum of natural life, the cause was remanded to give defendant an opportunity to withdraw his guilty plea or proceed to trial, and any new plea agreement must include a statutorily authorized sentence. |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 07-CF-212; the Hon. Charles H. Stengel, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Andrew J. Boyd, of State Appellate Defender's Office, of Ottawa, for appellant.

Terence M. Patton, State's Attorney, of Cambridge (Terry A. Mertel and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justice Holdridge concurred in the judgment and opinion.
Justice Lytton concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1    On August 9, 2007, the defendant, Scott W. Strom, pled guilty to one count of criminal sexual assault. 720 ILCS 5/12-13(a)(1) (West 2006). He then filed a postconviction petition which was denied after an evidentiary hearing. On appeal, the defendant argues that his case should be remanded to the trial court with instructions to impose a determinate three-year period of mandatory supervised release (MSR). We reverse and remand.

¶ 2                                    FACTS

¶ 3    On May 24, 2007, the defendant was charged with two counts of criminal sexual assault, and he subsequently entered into a plea agreement. Pursuant to the plea, the defendant admitted guilt to one count of criminal sexual assault, and the second count was dismissed by the State. The State and the defendant agreed to a four-year term of imprisonment in the Department of Corrections (DOC) followed by two years of MSR. The trial court concurred with the sentence.[1] The defendant was also ordered to pay various court costs and fees, submit a deoxyribonucleic acid (DNA) sample, and register as a sex offender upon his release. He did not immediately move to withdraw his guilty plea, nor did he pursue a direct appeal.

¶ 4    On March 23, 2009, the defendant filed a petition for postconviction relief alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court denied the

---

[1]We reject the State's argument that this was not a fully negotiated plea agreement. During the plea, the word "negotiated" is used four times. Moreover, the assistant State's Attorney recommended a specific sentence, and the trial court concurred with the sentence, which complies with the requirements of Illinois Supreme Court Rule 402(d)(2) (eff. July 1, 1997).

petition on March 2, 2010. The defendant appealed.

¶ 5    During the pendency of this appeal, the defendant was set to be released on parole and begin his two-year MSR term. However, at some unknown point, the DOC unilaterally increased the defendant's MSR term to three years to life, presumably in order to comply with section 5-8-1(d)(4) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-1(d)(4) (West 2006)).

¶ 6                                    ANALYSIS

¶ 7    On appeal, the defendant does not claim that any error occurred during his evidentiary hearing. Instead, he argues that his case must be remanded to the trial court with orders to impose an MSR term of three years. The State argues that we should order the trial court to impose an indeterminate term of three years to life, and thereby allow the DOC to administer the defendant's MSR.

¶ 8    Section 5-8-1(d)(4) of the Code provided:

"Subject to earlier termination under Section 3-3-8, the parole or mandatory supervised release term shall be as follows:

* * *

(4) for defendants who commit the offense of *** criminal sexual assault *** on or after the effective date of this amendatory Act of the 94th General Assembly, the term of mandatory supervised release shall range from a minimum of 3 years to a maximum of the natural life of the defendant[.]" 730 ILCS 5/5-8-1(d)(4) (West 2006).

¶ 9    Thus, according to the statute, the defendant should have received an MSR term of at least three years. Therefore, because the defendant was only sentenced to MSR for two years, his sentence was not authorized by statute and is therefore void. *People v. Arna*, 168 Ill. 2d 107 (1995). Moreover, our supreme court recently decided in *People v. White*, 2011 IL 109616, that when the parties agree to a sentence that is unauthorized by statute, the entire plea agreement is void because the defendant was not properly admonished with regard to the possible penalties he might face. This is true even if the prosecutor, defendant, and judge agree to a lesser sentence than is authorized by law. *Id.* The defendant acknowledges in his reply brief that *White* applies to this case.

¶ 10   Because the defendant's sentence and plea agreement are now void, we must consider what remedy is available to the defendant. When the parties enter into an unauthorized agreement, the proper remedy is "either the 'promise must be fulfilled' or defendant must be given the opportunity to withdraw his plea." *People v. Whitfield*, 217 Ill. 2d 177, 202 (2005) (quoting *Santobello v. New York*, 404 U.S. 257, 262-63 (1971)). In the instant case, the promise cannot be fulfilled because a two-year MSR term is a lesser sentence than is authorized by law. The defendant concedes this fact, but asks us to impose a three-year MSR term because he is entitled to the " 'benefit of the bargain' " that he made with the State. *Whitfield*, 217 Ill. 2d at 204 (quoting *Commonwealth v. Zuber*, 353 A.2d 441, 446 (Pa. 1976)). However, under *White*, his entire plea agreement is void, and thus no agreement

exists that we have the power to modify. The dissent would allow defendant to pick portions of the void agreement which he would like to enforce.

¶ 11    Therefore, the only proper remedy is for the case to be remanded, and the defendant be given the opportunity to withdraw his guilty plea and proceed to trial if he chooses to do so. *White*, 2011 IL 109616. Any new plea agreement must include a statutorily authorized sentence.

¶ 12                                              CONCLUSION

¶ 13    For the foregoing reasons, the judgment of the circuit court of Henry County is reversed, and the cause is remanded.

¶ 14    Reversed and remanded.

¶ 15    JUSTICE LYTTON, concurring in part and dissenting in part:

¶ 16    I disagree with the majority's conclusion that defendant's entire plea is void and that the cause must be remanded to the guilty plea stage of the proceedings. On appeal, defendant does not ask that his plea be vacated. His argument is more limited: he argues that the MSR portion of his sentence, as imposed by the DOC, is void because the legislature intended the trial courts to impose MSR terms under section 5-8-1(d) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-1(d) (West 2006)). The proper analysis of this issue leads to a narrow result.

¶ 17                                                    I

¶ 18    Under the Code, a sentence is defined as the "disposition imposed by the court on a convicted defendant." 730 ILCS 5/5-1-19 (West 2006). The pronouncement of a sentence is the judicial act which conforms to the judgment of the court. *People v. Allen*, 71 Ill. 2d 378 (1978). A sentence imposed by the court in a criminal case must be authorized by law. *People v. Majer*, 131 Ill. App. 3d 80 (1985). The dispositions available to courts include probation, conditional discharge and a term of imprisonment. 730 ILCS 5/5-5-3 (West 2006).

¶ 19    Section 5-8-1(d) of the Code states, "every sentence shall include as though written therein a term [of MSR] in addition to the term of imprisonment." 730 ILCS 5/5-8-1(d) (West 2006); see also *People v. Whitfield*, 217 Ill. 2d 177 (2005) (MSR is part of a defendant's sentence). The MSR term for the offense of criminal sexual assault "shall range from a minimum of 3 years to a maximum of the natural life of the defendant." 730 ILCS 5/5-8-1(d)(4) (West 2006).

¶ 20    The Code also provides the DOC, through the Prisoner Review Board, the ability to terminate a term of MSR early. 730 ILCS 5/3-3-8 (West 2006). Article 3 of the Code governs the Department of Corrections and addresses the powers and duties of the Prisoner Review Board. 730 ILCS 5/3-1-1 *et seq.* (West 2006). Under section 3-3-8(b), the Prisoner Review Board may enter an order releasing a defendant from MSR when it determines "that he is likely to remain at liberty without committing another offense." 730 ILCS 5/3-3-8(b) (West

-4-

2006). The Prisoner Review Board is also authorized to set conditions for parole and mandatory supervised release imposed under section 5-8-1(d) of the Code. 730 ILCS 5/3-14-2.5 (West 2006). However, article 3 contains no language that gives the Board the power to determine the range of a term of MSR imposed under section 5-8-1(d).

¶ 21    When construing the meaning of a statute, the primary objective of this court is to ascertain and give effect to the intent of the legislature. *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390 (2006). That intent is best determined by examining the language of the statute itself; where the language is clear and unambiguous it must be given effect. *Orlak v. Loyola University Health System*, 228 Ill. 2d 1 (2007). A statute should be read as a whole and construed so as to give effect to every word, clause and sentence. *People ex rel. Department of Corrections v. Hawkins*, 2011 IL 110792. It should not be read so as to render any part superfluous or meaningless. *Hawkins*, 2011 IL 110792, ¶ 23. Statutory construction is a question of law, which we review *de novo*. *People v. Alcozer*, 241 Ill. 2d 248 (2011).

¶ 22    Defendant maintains that, under the plain language of these statutes, the power to impose an MSR term is exclusively the function of the trial court. I agree. Construing the provisions of the Code as a whole, the trial court possesses the exclusive authority to sentence a defendant. Although the Code authorizes the DOC to make final determinations involving the amount of time a defendant actually spends under MSR, the grant of authority to impose MSR is located within the section of the Code addressing the sentencing power of the trial court. See 730 ILCS 5/5-8-1 (West 2006). Thus, the structure of the statute demonstrates that the legislature intended to give the trial court sole authority to impose a term of MSR as part of a defendant's sentence. See 730 ILCS 5/5-1-19 (West 2006); *People v. Rinehart*, 406 Ill. App. 3d 272 (2010).

¶ 23                                        II

¶ 24    In this case, the DOC imposed a term of MSR under section 5-8-1(d)(4) of the Code. 730 ILCS 5/5-8-1(d)(4) (West 2006). However, it is the trial court's duty, not the DOC's, to sentence a defendant to a term of MSR within the statutory guidelines. 730 ILCS 5/5-1-19 (West 2006); *Rinehart*, 406 Ill. App. 3d at 281. As a result, defendant's MSR term of three years to natural life, as imposed by the DOC, is void. See *People v. Thompson*, 209 Ill. 2d 19 (2004) (a sentence not authorized by statute is void).

¶ 25    The majority claims that the entire plea agreement is void based on *White*. I believe that the majority misapplies *White* to the circumstances before us. In *White*, the trial court failed to impose the 15-year gun enhancement provision for first degree murder because it believed that the enhancement did not apply to a conviction based on accountability. See 730 ILCS 5/5-8-1(a)(1)(d)(i) (West 2004). However, the sentencing enhancement was triggered, and defendant was subject to the mandatory minimum sentence of 35 years in prison, which was more than the 28 years he received under the plea agreement. *White*, 2011 IL 109616, ¶ 19. The supreme court decided that because the sentence did not conform to the statutory requirements *and* the defendant was not properly admonished, the entire plea agreement was void. *White*, 2011 IL 109616, ¶ 21. Here, unlike the defendant in *White*, defendant was

properly admonished regarding his 17-year sentence and that a mandatory term of MSR applied. Thus, we need not vacate the entire plea.

¶ 26 Moreover, under *Whitfield*, the appropriate remedy in this situation is either to allow the defendant to withdraw his guilty plea or to have his sentence modified. *Whitfield*, 217 Ill. 2d at 202. In *Whitfield*, the trial court added a statutorily required 3-year term of MSR to the defendant's negotiated 25-year sentence for murder, without admonishment. Our supreme court found that the trial court's decision amounted to a breach of the plea agreement and that the error violated the defendant's right to due process.

¶ 27 In discussing an appropriate remedy, the court noted that the remedy the defendant requested was enforcement of the plea agreement but that the plea was unfulfillable under state law because MSR was required. After reviewing decisions by courts in other jurisdictions, it determined that the appropriate remedy was to modify the defendant's sentence to approximate the plea. The court stated that:

> " 'a court ought to accord a defendant's preference considerable, if not controlling, weight inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the State.' " *Whitfield*, 217 Ill. 2d at 205 (quoting *Santobello v. New York*, 404 U.S. 256, 267 (1971) (Douglas, J., concurring)).

It then modified the defendant's sentence to a term of 22 years of imprisonment and 3 years of MSR, as authorized by law. *Whitfield*, 217 Ill. 2d at 205; see also *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552 (2002) (supreme court exercised its discretion and fashioned an appropriate remedy where a guilty plea had been induced by a legally unfulfillable promise).

¶ 28 Here, defendant asks that his sentence be modified to reflect the trial court's imposition of a two-year term of MSR. In *Whitfield*, the court was able to fashion a sentence to fit the agreement. In this case, we do not have that luxury. Under the law, we are unable to modify defendant's sentence to fit his request. See 730 ILCS 5/5-8-1(d)(4) (West 2006) (term of MSR for criminal sexual assault is three years to natural life); 730 ILCS 5/5-8-1(a)(4) (West 2006) (sentence for a Class 1 felony "shall be not less than 4 years"). On remand, the trial court should have the authority to modify defendant's sentence, under *Whitfield*, if that is the remedy defendant chooses. See *Whitfield*, 217 Ill. 2d at 205. I would therefore vacate the term of MSR imposed by the DOC and remand to allow defendant either to withdraw his plea or to request that the trial court impose MSR as provided under section 5-8-1(d)(4) of the Code.